FILED
★ APR 11 2014 ★
US DISTRICT COURT E.D.N.Y.
BROOKLYN OFFICE

Dear Honorable Judge Ross:

I respectfully submit this responce. I also wish to inform the Court that I have filed a notice of Appeal from the order for Competency on 1-6-14.

Your honor from the onset of the proceedings I have complained of the legal and constitutional issues unaware of the order entered under seal on 8-14-12.

I have recieved one responce to the 120 Complaints I have filed between facilities MCC-MDC and FMC Carswell addressed to the unit team, Captain, Warden, and R&D staff. See Ex:1 therefore, it is impossible to exhaust the administrative remedy process where the administrative staff is the one subjecting me to the conditions of which I Complain. In a pattern of practices the unit team refuses to provide me with the additional forms to exhaust the administrative remedy process, while Complaints addressed directly to the Federal Bureau of Prisons are returned unanswered see Ex:2.

The time I have spent in administrative detention and on suicide watch naked and freezing is nearly a year topped off here at FMC Carswell where upon my arrival on 2-25-14 I was placed in Administrative Detention until 4-3-14 for an incident report pending in the system from last year. If I am

returned to MDC Brooklyn I will be placed in Administrative Detention for the incident report allegedly pending in the system from last year.

The respondents are personally involved in creating the conditions of my pre-trial confinement. The conditions in question due violate my due process. While in administrative detention I was denied visits, legal visits, visits from witnesses, un-restricted access to the court, law library, trulincs and legal calls see Ex:3 phone and even when returned to general population. see Ex:4.

Case law establishes that confinement before trial cannot amount to "punishment" as this would violate the fourteenth amendment right to due process before being deprived of liberty Bell v. Wolfish 441 U.S. 520, 535, 9 S.Ct. 1861 60 L. Ed. 2d. 447 (1979) See also Lareau v. Manson 651 7 2d. 96 102 (2d Cir. 1981). (Constitutionality of pre-trial confinement is judged by a stricter standard than post-conviction confinement). For an officer to endeavoring to distinguish punitive from non-punitive conditions the opinion in Bell provides the following guidance: "if a restriction or a condition is not reasonably related to a legitament goal or if it's arbitrary or purposeless - a court may permissibly infer that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon detainees qua detainees id at 539.

The question of legal and Constitutional issues arises from the suppressed order entered under seal on 8-14-12 and Sentry generated Cim In-Transit Data information.

According to the USDJ-FBOP Program Statement OPI:CPD Number 5800.12 Date: CN-01, 8/17/98 Recieving and discharge section 309-Chapter 3 accessed in the Law Library see Inmate Systems Management Manual for additional information, R&D staff must ensure the inmates listed on the Notice of Ensuing Releases (Sentry) are properly processed. Coordination is Critical between R&D staff and the Record office Legal Technicians.

R&D staff must review release paperwork to ensure all forms necessary for release are present any forms requiring the inmate's signature should be executed and the appropriate distribution made, The forms required for each type of release are noted in the Inmates System Manual.

Section 309 Release Inmate Via Sentry
A Sentry release transaction shall be executed when the inmate departs from the institution. Care should be taken when Keying this transaction to ensure that the proper release Codes are used and the inmate's release destination is entered. In order to provide this information, all release paperwork used in R&D as source documention for Keying the release

(Release Authorization, Transfer Receipt, etc) shall indicate the release method as it should be keyed on Sentry.

Section 313 Release Paperwork

Any release from Custody requires proper documentation. Verification of the Central Inmate Monitoring Clearance Form shall always be checked within 24 hours prior to releasing an inmate. Release Paperwork to be given to transporting officials:
e. In-Transit Information (prepared by Unit Team)
g. Release Authorization (BP-S392) (properly signed by Inmate Systems Manager) (Goldenrod Copy).
In-Transit form - if Custody is relinquished to a non-Bureau personnel.

This information Confirms that my release from Custody on 10-10-12 was properly processed by R&D staff. Authorized by source documentation And my destination was not random or unknown to the transporting USMS. The source documentation for my release was the order entered under seal on 8-14-12 for relinquished Custody to the (Westchester County Hospital) per Court Order 12MAG1992 4241(b) for an exam to be performed by the outside.

Following said order the Case was Closed on 8-23-12. The fact that I remained in Custody

Until 10-10-12 establishes the true definition of incompetency the Metropolitan Correctional Center violated the order when they transferred my custody to the Metropolitan Detention Center. On 8-23-14. The Metropolitan Detention Center violated the order when they accepted my custody on 8-23-14. The U.S.M.S. violated the order when they transported me.

On 10-10-12 I was released from the custody of the Metropolitan Detention Center to the USMS. The U.S. Marshals were provided with the proper paperwork that clearly identified my destination to the Westchester County Hospital. The U.S. Marshals for a second time violated the order when they turned me over to the Orange County Sheriffs. Since the Cim In-transit Data form confirmed no notifications, no detainers. And destination the Orange County Sheriffs had no legal authority to take me into custody to hold me and return me to the U.S.M.S. on 10-11-12. Apparently the U.S.M.S. did no more than provide the Orange County Sheriff with their copy of the Cim In-transit Data form who returned me with the same Cim In-transit Data form to the U.S. Marshals who simply returned me to the custody of the Metropolitan Detention Center.

The Metropolitan Detention Center violated the order, me and the Bureaus Inmate Systems

Management Manual when they accepted me back into custody with the same Con In-transit Data form showing a relinquished custody. The USMS possessed no new information from the court and the policy requires a transfer receipt (BP-283) to be prepared for each change in custody. The USMS possessed no documentation authorizing the Metropolitan Detention Center to take me back into custody.

The Con In-transit Data form has been authenticated by R&D inmate systems manager Ms. Easterling and Lt. Fessel who wrote an incident report on it upon learning that it had been in my possession prior to Ms. Easterling confiscating it. Accordingly, upon my return to custody the USMS attached the Con In-transit Data form to other legal work belonging to me in R&D that was all provided to me. Copies of the Con Intransit Data form have also been confiscated by Ms. Ash former case manager for FMC Carswell and Mr. Brown former R&D manager for FMC Carswell

I had already been notified of my release status on or around 8-20-12 by Counselor Hill for the MCC prior to my transfer and indictment on 8-23-14. Ms. Velez unit team manager for MDC also expressed concern over my return to custody after being previously released on 10-10-12.

Now I'm dealing with being housed in a high security federal prison where I'm actually being punished under a Bureau Policy Mental Health statute.

Based on the foregoing the more important matter is the legality of the case and not it's proceedings.

Sincerely,

Regeral Lewis

4-7-14

cc: AUSA M. Wells

Ex: 1

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**      FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| R&D | 1-23-14 |
| FROM: Regina Lewis | REGISTER NO.: 67206-054 |
| WORK ASSIGNMENT: | UNIT: |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

A pre-trial detainee still being held in the range of
the sentencing guideline is different then a maxed out
pretrial detainee who is unsentenced and unconvicted.
please prepare a Sentry release because the time has
expired to prosecute, sentence or to stand trial. I
am not FBOP public property so I cannot be transferred
designated or committed to an FBOP Penitentiary per
titles 18 USC 4001 - 18 USC 4083 BOP Policy 549.40, 18 USC 4042
(b) 28 CFR part 500 18 USC chapter 313

              Thank you.

(Do not write below this line)

DISPOSITION:

You are the responsibility of the Southern
District U.S. Marshals Service. Therefore,
you should address anything regarding
your incarceration at MDC Brooklyn to
the USMS.

| Signature Staff Member | Date |
|---|---|
| | 1/24/14 |

Record Copy - File; Copy - Inmate      This form replaces BP-148.070 dated Oct 86
(This form may be replicated via WP)      and BP-S148.070 APR 94

PRINTED ON RECYCLED PAPER

EX: 2



**UNITED STATES GOVERNMENT**
**MEMORANDUM**
**FEDERAL BUREAU OF PRISONS**

DATE: February 26, 2014

REPLY TO
ATTN OF: National Inmate Appeals, Central Office

SUBJECT: Administrative Remedy Appeal  n/a

Name: Lewis, Regina
Register No. 67206-054
Institution: Carswell FMC

____1. Your appeal was answered on **(insert date)**. If you have not received your copy by now, you may ask the institution Administrative Remedy Coordinator to provide you with a copy from the Warden's Administrative Remedy File.

____2. We are in receipt of your Central Office Administrative Remedy Appeal **(insert remedy #)** received on **(insert date)**. In accordance with policy, if you do not receive a response within the time allotted for reply, including extension, you may consider the absence of a response to be a denial.  **However**, each appeal accepted by this office will be responded to and you will be advised once the appeal is completed.

____3. Our records indicate that the appeal you reference has not been filed with this office.

____4. You have not provided sufficient information for us to respond to your inquiry.  If your inquiry concerns an administrative remedy, please provide the case number, the date filed in this office or date mailed by you, your name and register number, and the subject of your administrative remedy. If you cannot provide all of this information, please provide as much as possible.

__x__5. A review of your inquiry reveals it contains issues you should first bring to the attention of institution staff.  If you are unable to resolve the issue(s) informally, you may present your complaint to the Warden via the Administrative Remedy Procedure.  This procedure is available to inmates confined in federal facilities to complain about any aspect of their confinement.

____6. Extensions are granted only if an inmate's submission is untimely by no fault of his own.  Requests for extensions are only considered when submitted with the complete appeal packet.

____7. Central Office Administrative Remedy Appeal responses are the final agency position.  If you are dissatisfied with the response, you may pursue any legal recourse you deem appropriate.

____8. We can only address issues within the jurisdiction of the Federal Bureau of Prisons.  Your issue is one of _____ jurisdiction.

____9. Your appeal was rejected and returned to you on _____.

____10. Other:

EX. 3

# LEGAL TELEPHONE CALL REQUEST FORM

**WARNING!!**   A LEGAL PHONE CALL IS A CALL TO YOUR ATTORNEY OR ITS OFFICE. **IT IS NOT** A CALL TO YOUR FAMILY, FRIEND, OR GIRLFRIEND. PROVIDING A NUMBER OTHER THAN YOUR ATTORNEY WILL RESULT IN AN INCIDENT REPORT: CODE -313 - LYING OR PROVIDING A FALSE STATEMENT TO A STAFF MEMBER.

_Regina Lewis_                    _67206-054_                    _Ferguson_
INMATE NAME                   REG. NO.                       NAME OF STAFF / COUNSELOR

1.   Is there an imminent court deadline that can **not** be met through mailing your correspondence?   (YES) NO   (Circle one)

2.   If so, can you furnish proof of the pending court action? (YES / NO) (Circle one)

3.   Can your matter be resolved through visitation with your attorney as opposed to using the telephone?   YES / (NO) (Circle one)

     If no, why not?   _L-n Pro Se  (212) 732-4888_

4.   What is the name of your attorney ?   _Self representation_
                                          _Standby Lloyd Epstein_

5.   What is the phone number? _____

_[signature]_                    _1/10/14_                    (APPROVED / DISAPPROVED)
Unit Manager                     Date                        APPROVED / DISAPPROVED

(Staff Use Only)    Time Begin _____    Time ended _____    Initial _____

REMARKS   _need to show CSW documentation reflecting Court date._

**If the form is not completely filled out your request will be denied.**
Request for an unmonitored legal call must be submitted to your counselor at least 3 work days prior to the date the call is needed.

cc: Central File (section 6)

MAY
U.S. DEPARTMENT OF JUSTICE    Case 1:17-cv-02670-ARR   Document 17   Filed 04/11/14   Page 1 of 3 PageID #: FEDERAL BUREAU OF PRISONS

EX.4
INCIDENT REPORT    CDFRM

## Part I – Incident Report

1. Name Of Institution:  MDC BROOKLYN

| 2. Name Of Inmate LEWIS, REGINA | 3. Register Number 67206-054 | 4. Date Of Incident 01/4/2014 | 5. Time 1120am |
|---|---|---|---|

| 6. Place Of Incident A21 COMMON AREA | 7. Assignment UNASSGINED | 8. Unit A21 |
|---|---|---|

| 9. Insolence Toward a Staff Member | 10. Prohibited Code(s) 312 |
|---|---|

11. Description Of Incident (Date: 01/4/14 Time: 1120 AM Staff become aware of incident)

On 01/04/2014 at approximately 1120 am I was approached by Inmate LEWIS, REGINA and she wanted more toilet paper. The unit team informed me that she was provided 4 rolls of toilet paper on Tuesday 12/31/2013 so I told her no. The inmate began to yell out profanity directed toward me and other staff not present on the unit to include the words "Dyke" and "Bitch". Lewis then proceeded to call the other inmates "Murders", "Bitches", "Molesters", and "criminals". This outburst from inmate LEWIS, REGINA caused some of the other inmates to get upset and cry because of the language she directed toward the unit.

| 12. Signature Of Reporting Employee | Date And Time 01/4/2014 1140 am | 13. Name And Title (Printed) Officer David Centino |
|---|---|---|

| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered 1-9-14 | 16.time Incident Report Delivered 9:0ᴘ |
|---|---|---|

## Part II – Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

I did not state this I stated I needed more tissue for my cycle. This shot was only written due to another inmates allegations to the unit officer

18. A. ___X___  It Is The Finding Of The Committee That You:
Committed The Following Prohibited Act.

_____ Did Not Commit A Prohibited Act.

_____ Committed Prohibited Act Code(s)_____

B. _____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.

C. __X__ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On Specific Evidence as Follows:

UDC decision based on officer's statement that you were denied additional toilet paper & after being told no you began insolent & began to curse

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

Sanction imposed 180 days lost of VISH & trolines w 90 days of each & 1 sanction suspended 180 days pend clear conduct sanction imposed deter failure to behavior.

21. Date And Time Of Action 1/9/14 3:40 p.m   (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

___ Chairman (Typed Name/Signature) James Childress    Member (Typed Name) A. Ferguson    _____ Member (Typed Name)